

## Office of the Attorney General
### State of Texas

**DAN MORALES**
ATTORNEY GENERAL

April 30, 1996

David R. Smith, M.D.
Commissioner
Texas Department of Health
1100 West 49th Street
Austin, Texas 78756-3199

Opinion No. DM-388

Re:   Whether, without being licensed as
an athletic trainer under article 4512d,
V.T.C.S., a coach may have as his or her
primary job responsibility working with
or on injured athletes and a related
question   (RQ-845)

Dear Dr. Smith:

You request that we consider V.T.C.S. article 4512d, which pertains to athletic
trainers, to determine whether a coach may perform the activities of an athletic trainer
without obtaining a license from the Advisory Board of Athletic Trainers (the "board").
You indicate that the board and the Texas Department of Health, of which the board is a
part, have encountered individuals whose job title is "coach," but whose primary job
responsibilities involve working with or on injured athletes, rather than coaching. You
believe that these coaches thus may be performing duties included in the definition of the
term "athletic trainer" in article 4512d, V.T.C.S.

Article 4512d, section 1(1) describes an athletic trainer as "a person with specific
qualifications . . . who, upon the advice and consent of his team physician[,] carries out the
practice of prevention and/or physical rehabilitation of injuries incurred by athletes." An
athletic trainer is authorized to use "physical modalities" such as: "heat, light, sound, cold,
electricity, or mechanical devices related to rehabilitation and treatment." V.T.C.S. art.
4512d, § 1(1). Article 4512d, section 8 provides as follows:

> No person may hold himself out as an athletic trainer or perform
> any of the activities of an athletic trainer as defined in this Act
> without first obtaining a license or a temporary license under this
> Act.[1] [Footnote added.]

---

[1]You ask only about a coach who performs the activities of an athletic trainer; you do not ask
about a coach who holds him- or herself out as an athletic trainer. Accordingly, we assume that the
coaches about which you ask do not hold themselves out as athletic trainers.

Article 4512d, section 9 requires an applicant for an athletic trainer license to meet one of the following three qualifications:

(1) have met the athletic training curriculum requirements of a college or university approved by the board and give proof of graduation; . . .

(2) hold a degree or certificate in physical therapy and have completed a basic athletic training course from an accredited college or university, and have completed an apprenticeship of 720 hours in two years under the direct supervision of a licensed athletic trainer acceptable to the board or as per board approval. . . . ; or

(3) hold a degree in corrective therapy with at least a minor in physical education or health which included a basic athletic training course and meet apprenticeship or any other requirement established by the board.[2] [Footnote added.]

The board requires an applicant for licensure as an athletic trainer to have a baccalaureate or postbaccalaureate degree with a major in athletic training or sports medicine. 25 T.A.C. § 313.5(b)(1)(A). In the alternative, an applicant may have a baccalaureate or postbaccalaureate degree, have completed the requisite number of semester hours in courses such as human anatomy and physiology, kinesiology, and athletic training, and have apprenticed in an athletic training program that meets the board's standards. *Id.* § 313.5(b)(1)(B). Furthermore, every applicant for licensure must be certified in either cardiopulmonary resuscitation or emergency medical services. *Id.* § 313.5(c).

In Attorney General Opinion M-1012 this office concluded that an individual whose profession or occupation is coaching, who is not compensated to perform the activities of an athletic trainer, and who does not hold him- or herself out as an athletic trainer is exempted from article 4512d. Attorney General Opinion M-1012 (1971) at 3. Thus, an athletic coach who is compensated for coaching and who does not hold him- or herself out as an athletic trainer may "use physical modalities on athletes as a necessary activity in the performance of [the coach's] duties." *Id.*

The conclusion of Attorney General Opinion M-1012 relies on section 8 of article 4512d, which, at the time this office issued the opinion, prohibited any person from holding "himself out as an athletic trainer or perform[ing], *for compensation*, any of the

---

[2]An out-of-state applicant must fulfill one of the three listed qualifications and "submit proof of active engagement as an athletic trainer in the State of Texas." V.T.C.S. art. 4512d, § 9(4).

activities of an athletic trainer" without first obtaining a license under article 4512d.[3] *Id.* at 2 (emphasis added). In 1981, as you point out, the legislature amended article 4512d, section 8 to delete the phrase "for compensation." *See* Act of June 1, 1981, 67th Leg., R.S., ch. 437, § 2, 1981 Tex. Gen. Laws 1856, 1856. You therefore question the continued validity of Attorney General Opinion M-1012 and two opinions that cited Attorney General Opinion M-1012, Attorney General Opinions H-1306 (1978) and H-471 (1974).

The 1981 amendments to article 4512d were intended "to allow better training and better regulation of the athletic trainers." House Comm. on Health Services, Bill Analysis, H.B. 1689, 67th Leg., R.S. (1981). Among other things, House Bill 1689 proposed to authorize the board to impose continuing education requirements on athletic trainers. *See id.*; *see also* 25 T.A.C. § 313.9(a).

During a public hearing before the House Committee on Health Services, a witness testifying on behalf of the board indicated that the reason the bill proposed to remove the phrase "for compensation" was to disallow coaches from performing as athletic trainers. Hearings on H.B. 1689 Before the House Comm. on Health Services, 67th Leg., R.S. (Mar. 30, 1981) (testimony of Spanky Stephens, representing the board) (tape available from House Video/Audio Services Office). The witness stated, "A lot of [school districts and universities] are hiring . . . coaches, and [the coaches are] doing the athletic training work, but [the employing school districts and universities are] not paying [the coaches] as [athletic trainers]." *Id.* According to the witness, a coach is more likely than an athletic trainer to miss the fact that an athlete is injured. *Id.*

A second witness also addressed the proposed deletion of the phrase "for compensation." *See id.* (testimony of Al Wilson, athletic trainer for Killeen High School). According to this witness, a school district must select coaches from among its faculty, which may mean, for example, that a business teacher coaches a team. *See id.* Thus, the witness pointed out, not all coaches studied physical education in college; indeed, according to the witness, some coaches have had absolutely no training in physical education. *Id.*

By deleting the phrase "for compensation," the legislature apparently intended to preclude an individual from performing any of the activities of an athletic trainer unless the individual is licensed as an athletic trainer, regardless of whether the individual is compensated for performing athletic trainer activities. Disallowing an individual who is not a licensed athletic trainer from performing athletic trainer activities is consistent with

---

[3]The opinion noted that athletic coaches are not specifically exempt from article 4512d, although physicians, dentists, physical therapists, and others are. Attorney General Opinion M-1012 (1971) at 2; *see* V.T.C.S. art. 4512d, § 1(4).

the legislature's stated purpose for the 1981 bill: to allow better training and better regulation of athletic trainers. Even a coach who is not licensed as an athletic trainer but who performs the activities of an athletic trainer does so with little, if any, training, unless the coach has received appropriate training as part of his or her college or postgraduate education or on his or her own. Furthermore, if a coach may perform as an athletic trainer without a license, the coach is not subject to the board's rules governing athletic trainers. *See* V.T.C.S. art. 4512d, § 5(c); 25 T.A.C. §§ 313.13, .15,-.16 (prescribing continuing education requirements, guidelines for conduct, and procedure for discipline).

We therefore conclude that article 4512d, section 8 prohibits an individual who is not a licensed athletic trainer from performing "any of the activities of an athletic trainer," even though the individual is not compensated to perform as an athletic trainer.[4] Thus, whatever an individual's official job title, the individual may not perform as an athletic trainer unless he or she is licensed as an athletic trainer or is exempt from article 4512d. *See* V.T.C.S. art. 4512d, § 1(4) (listing exemptions). Of course, section 8 also prohibits an unlicensed, nonexempt individual from holding him- or herself out as an athletic trainer. To the extent they are inconsistent with this opinion, Attorney General Opinions H-1306, H-471, and M-1071 are overruled.[5]

---

[4]Whether a coach who performs the activities of an athletic trainer as part of his or her coaching and who is compensated for coaching is actually compensated for performing the activities of an athletic trainer is a question of fact that is inappropriate to the opinion process. *See, e.g.*, Attorney General Opinions DM-98 (1992) at 3, H-56 (1973) at 3, M-187 (1968) at 3, O-2911 (1940) at 2.

[5]You do not ask whether, pursuant to section 3.06(d)(1) of the Medical Practice Act, V.T.C.S. article 4495b, a coach may perform medical acts that a licensed physician has delegated to the coach. Section 3.06(d)(1) authorizes "a person licensed to practice medicine"

> to delegate to any qualified and properly trained person ... acting under the physician's supervision any medical act which a reasonable and prudent physician would find is within the scope of sound medical judgment to delegate if, in the opinion of the delegating physician, the act can be properly and safely performed by the person to whom the medical act is delegated and the act is performed in its customary manner, not in violation of any other statute, and the person does not hold himself out to the public as being authorized to practice medicine.

Indeed, whether, for purposes of V.T.C.S. article 4459b, section 3.06(d)(1), a coach is a "qualified and properly trained person" who may perform medical acts under a physician's supervision is a question of fact that is inappropriate to the opinion process. *See, e.g.*, Attorney General Opinions DM-98 (1992) at 3, H-56 (1973) at 3, M-187 (1968) at 3, O-2911 (1940) at 2. We also do not consider whether a coach's performance of the delegated act under section 3.06(d)(1) violates any other statute. *See* V.T.C.S. art. 4495b, § 3.06(d)(1).

## S U M M A R Y

Article 4512d, section 8, V.T.C.S., prohibits an individual, including a coach, who is not a licensed athletic trainer from performing as an athletic trainer, even though the individual is not compensated to perform as such. Section 8 also prohibits such a coach from holding him- or herself out as an athletic trainer. To the extent they are inconsistent with this opinion, Attorney General Opinions H-1306 (1978), H-471 (1974), and M-1071 (1971) are overruled.

Yours very truly,

DAN MORALES
Attorney General of Texas

JORGE VEGA
First Assistant Attorney General

SARAH J. SHIRLEY
Chair, Opinion Committee

Prepared by Kymberly K. Oltrogge
Assistant Attorney General